Opinion issued November 4, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00052-CR

———————————

larry duwayne west, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 179th District Court

Harris County, Texas



Trial Court Case No. 1041240

 



 

MEMORANDUM OPINION

After a
non-jury trial, the trial court found appellant, Larry Duwayne West, guilty of
the offense of possession of child pornography[1] and assessed his punishment
confinement for ten years, suspended the sentence, and placed appellant on
community supervision for ten years.  In
his sole point of error, appellant contends that, as a result of a variance
between the indictment and the evidence introduced at trial, the evidence is
legally and factually insufficient to support his conviction.  

We affirm.

Factual Background

          Oziel
De Luna, who works in the information technology department for Non-Ferrous
Extrusion, appellant’s former employer, testified that the owner of the
company, Don Feil, had asked him to examine a company computer on which an
employee had discovered child pornography. 
De Luna, Feil, and the employee who had found the child pornography met
together and “pulled up two or three” pictures of “kids” between the ages of “six
and ten” who were “naked without clothes” and were “posing.”  The employee to whom the computer belonged
“was upset” and “afraid” of being blamed for the “pictures.”  

De Luna explained that the computer
in question had the largest hard drive at the company because it was used for
the company’s drawings and several people had access to the computer, including
salespeople and appellant.  Appellant was
instructed to delete the files, which De Luna estimated took approximately ten
to twenty minutes.  Approximately two to
three days later, appellant resigned from the company.  De Luna subsequently removed the hard drive
from the computer in question and two hard drives from appellant’s computer,
and he placed the hard drives in storage.

Don Feil, the company owner and a
long-time “good friend” of appellant, testified that an employee had come to
him and told him that he had found child pornography on his computer, which he
did not download.   Feil contacted De Luna and a sales manager,
and the group looked at the computer and “some of the child porn” that was on
the computer.  After viewing the child
pornography, Feil told the group to shut down the computer.  Feil explained that De Luna, appellant, and
the employee to whom the computer belonged were the three persons in the
company who had access to the computer.  After
the employee and De Luna denied responsibility for the pornography, Feil
confronted appellant and asked, “[W]hat are you doing putting child porn on our
computer?”  

After Feil confronted appellant, appellant
appeared “shocked,” 
“broke down a little bit,” and became nervous. 
Appellant then told Feil it “was a bad judgment call,” “he shouldn’t
have done it,” and he was “sorry.”  Feil
then asked appellant for his resignation, and appellant began to cry, told Feil
he would not do it anymore, and claimed that he had “an addictive
personality.”  Feil still asked appellant
to leave the company.  During their
conversation, appellant had admitted to Feil that he had downloaded “50 CD’s
and put them on the computer.”  Pursuant
to Feil’s request, appellant signed a resignation letter and a “stand alone
document,” in which he stated that no one at the company “knew that [he] had
put pornography” on the computer, he had since cleaned the computers of any
pornography, and he took “full responsibility” for his actions.  Appellant refused to sign an admission that
the pornography was child pornography.

On cross-examination, Feil conceded
that he had fired another employee of the company approximately one year
earlier and that this employee had placed pornography on a company
computer.  However, Feil contended that
this employee had been fired for failure to do his job and not for downloading the
pornography.  

Anthony Osso, an attorney,
testified that Feil contacted him for guidance after learning about the existence
of child pornography on one of the company’s computers.  Osso instructed Feil not to destroy any
evidence, and the men discussed reporting the incident to law enforcement
authorities.  Osso subsequently contacted
a Houston police officer and set up a meeting between the officer and Feil.    

Houston Police Department (“HPD”) Officer
S. Valenta testified that she met with Feil and Osso.  Feil informed her that he had discovered
child pornography on a company computer, and Feil provided her with the hard drives
on which the pornography was found, plus two additional company hard
drives.  A fellow HPD officer conducted a
forensic investigation of the hard drive from the computer on which the pornography
had been found, and this investigation uncovered thousands of images of child
pornography on the computer.  On
cross-examination, Valenta agreed that she had not discussed with Feil the
details of how the computer network was set up at the company office and that
she did not know how many computers were at the company.  

HPD Officer J.T. Smith of the HPD
Digital Forensics Lab testified that his examination of the hard drive
uncovered approximately 115,000 images of child pornography.  He noted that the structure of the computer files
indicated that someone had gone through the files and named them to place them
in order.  When asked if it was possible
for “pictures [t]o download themselves from the Internet into files like this,”
Smith answered that he did not think it was possible to do so “in this kind of
organized way.”  Smith also noted that
the files were “saved” to the computer and, in his experience, a “Trojan” or
“virus” could not “continually download child pornography” into a system like
the one at issue.

On cross-examination, Officer Smith
agreed that he could not tell who put the child pornography on the computer and
he could not tell if the pictures were downloaded from the Internet or from a
CD.  Smith also agreed that there were six
user accounts on the computer in question, and he could not testify as to
whether appellant had actually opened and viewed any of the files containing
child pornography. 

Sufficiency of Evidence Arising From Alleged Variance

In his sole point of error,
appellant argues that the evidence is legally and factually insufficient to
support his conviction because, contrary to the terms of the indictment, “no ‘film’ images were admitted into evidence
during trial.”  (Emphasis added).  Appellant asserts that the State “never
requested that the actual indictment be altered by the [trial] court to reflect
the amended language and the indictment was not amended by the [trial]
court.”  Appellant notes that the State’s
witness, J.T. Smith, “testified that film images and digital images are not the
same.”[2]

A person commits an offense of
possession of child pornography if “(1) the person knowingly or intentionally
possesses visual material that visually depicts a child younger than 18 years
of age at the time the image of the child was made who is engaging in sexual
conduct; and (2) the person knows that the material depicts the child as
described by Subdivision (1).”  Tex. Penal
Code Ann. § 43.26(a)
(Vernon 2003).  “‘Visual material’ means: (A) any film,
photograph, videotape, negative, or slide or any photographic reproduction that
contains or incorporates in any manner any film, photograph, videotape,
negative, or slide; or (B) any disk, diskette, or other physical medium that
allows an image to be displayed on a computer or other video screen and any
image transmitted to a computer or other video screen by telephone line, cable,
satellite transmission, or other method.” 
Id. § 43.26(b)(3).

A “variance” occurs when there is a discrepancy between the
allegations made in a charging instrument and the proof presented at trial.  Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  When faced with a challenge to the legal
sufficiency of the evidence based upon a variance between the indictment and
the proof, only a “material” variance will render the evidence legally insufficient.
 Id.
at 257.  A variance between the wording
of an indictment and the evidence presented at trial is fatal only if it is
material and prejudices the defendant’s substantial rights.  Id.  This materiality inquiry requires a
determination of whether the variance deprived the defendant of notice of the
charges or whether the variance subjects the defendant to the risk of later
being prosecuted for the same offense.  Fuller v. State, 73 S.W.3d 250, 253
(Tex. Crim. App. 2002).

Here, a Harris County grand jury
issued a true bill of indictment, accusing appellant of committing the offense
of possession of child pornography in that he did,

[U]unlawfully,
intentionally, and knowingly possess visual material, namely, IMAGE, that
visually depicts a child younger than eighteen years of age, at the time the
image was made, who is engaging in sexual conduct, to wit: lewd exhibition of
genitals, and [he] knew that the material containing the film image depicted
the child engaging in the conduct of lewd exhibition of the genitals.

 

The indictment[3]
alleged that appellant possessed “visual material,” namely an “IMAGE,” that visually depicted a child
engaging in sexual conduct.  Appellant
does not complain about this portion of the indictment, as section 43.26
expressly refers to the possession of “visual material.”  Although the term “image” does not appear in
the statute as part of the definition of visual material, appellant does not complain
about the use of this term in the original indictment or suggest that use of
the term “image” is somehow improper.  Any
such objection to the use of the term “image” would lack merit because, at trial,
the witnesses and the parties used the words “images” or “pictures” to refer to
the visual material, i.e., the child pornography, found on the computer.  Rather, appellant bases his argument on the
second clause of the original indictment, in which it was alleged that
appellant knew that the visual material “containing the film image” depicted child pornography.  (Emphasis added.)  Appellant argues that the State’s use of the
adjective “film” when describing the word “image” in the second clause of the
original indictment renders the evidence presented against him legally or
factually insufficient to support his conviction.

Appellant’s argument regarding the specific terminology used
in the indictment is based upon the following exchange with Officer J.T. Smith:

[Appellant’s counsel]:   As far as disk, I guess, basically, film as
far as a picture image or whatever, is there a distinction between film and
distinction between disks, digital image[s]?

 

[Smith]:                          It is actually a set
of ones and zeroes where it depicts, as it reads by the operating system, it’s
a read file.

 

[Appellant’s counsel]:   And what is a film?

 

[Smith]:                          Film image, basically,
depends on what you’re talking about. 
Like you hear me talk about a film, it’s like a Polaroid.  It’s not in the ones that you, basically, put
on a film.  Is that what you’re talking
about?

 

[Appellant’s counsel]:   Right, the bottom line is they’re not the
same thing?

 

[Smith]:                          No they are not.

 

In his closing arguments,
appellant’s trial counsel argued that a film image is a “negative type of image
or could be a Polaroid type image or something like that” and that “there are
no film images in this case.”  In
response, the State argued that it only had the burden to prove that appellant
knowingly possessed “visual material,” as that is what is prohibited by the
Texas Penal Code.

Even if we were to agree that
pictures or images discovered on the subject computer may fall outside the
scope of the term “film image[s],” there is no indication in the record that
appellant did not know what visual material he was accused of possessing, there
is no suggestion that he was surprised by the proof at trial, and there is no
argument that any such variance could possibly subject him to another
prosecution for the same offense. See
Gollihar, 46 S.W.3d at 257; Fuller,
73 S.W.3d at 254.  The record before us
establishes that the original indictment “informed appellant of the charge
against him sufficiently to allow him to prepare an adequate defense at trial.”  Flenteroy
v. State, 187 S.W.3d 406, 411 (Tex. Crim. App. 2005) (citing Gollihar, 46 S.W.3d at 258).  Accordingly, we hold that the use of term “film
image,” as used in the original indictment, does not render the evidence insufficient
to support appellant’s conviction.

We overrule appellant’s sole point
of error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Higley.

Do
not publish.  TEX. R. APP. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 43.26
(Vernon 2003).





[2]           Appellant does challenge the remaining
elements of the offense of possession of child pornography.





[3]
          The State filed a motion for leave to amend the
indictment, seeking to “[c]hange the visual material alleged from ‘image’ to ‘a
digital image’ and strike the word ‘film.’” 
The trial court signed an order granting the State’s motion for
leave.  Nevertheless, at arraignment, the
State recited the language used in the original indictment that included a
reference to “film” image, and appellant pleaded not guilty.  Additionally, the record before us does not
contain an amended indictment.